IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE GARCIA,** <br><br> Petitioner, <br><br> v. <br><br> **C. WOFFORD, Warden,** <br><br> Respondent. | Case No. 1:14-cv-0025 AWI MJS (HC) <br><br> **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** <br><br> **[Doc. 12]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, warden of Avenal State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G. Smiley, of the Office of the Attorney General for the State of California.

I.  **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted by a jury on September 15, 1987 of first degree murder and first degree attempted murder. (See Lodged Doc. 1.) On October 13, 1987, Petitioner was

1

sentenced to an indeterminate state prison term of thirty-nine (39) years to life. (Id.)

On May 25, 1989, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on August 9, 1989. (Lodged Docs. 3-4.)

Petitioner filed two federal habeas petitions with regard to this conviction. Both petitions were denied without prejudice for presenting unexhausted claims. (Lodged Docs. 5-11.)

On October 3, 2013, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[1] On April 4, 2014, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d), and for failure to exhaust state remedies. (Mot. to Dismiss.) Petitioner did not file objections.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on December 12, 2013, the petition shall be considered filed on October 3, 2013, the date Petitioner signed the petition.

2

Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.      Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on October 3, 2013 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

        recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner's direct review of his petition became final in 1989. Because Petitioner's conviction became final prior to the enactment of AEDPA, his one-year period for filing a habeas petition in federal court began on AEDPA's effective date of April 24, 1996. Ford v. Pliler, 590 F.3d 782, 784 (9th Cir. 2009); see Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Petitioner did not file any state post-conviction applications, and therefore he is not entitled to statutory tolling. While Petitioner filed two prior federal petitions for writ of habeas corpus, federal petitions do not qualify for tolling under 28 U.S.C. § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 181 (2001); King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009). Accordingly, the limitations period commenced on April 25, 1996, and expired on April 24, 1997. Petitioner filed the instant petition on October 3, 2013, over a decade after the limitations period expired. Accordingly, the petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In his petition, Petitioner claims he is entitled to an equitable exception to the limitations period based on his actual innocence.

On May 28, 2013, the Supreme Court held that a federal court may entertain an untimely claim if a petitioner makes a showing of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 185 L. Ed. 2d 1019, 2013 WL 2300806 (2013). To qualify for the equitable exception to the timeliness bar based on actual innocence, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" 133 S. Ct. 1924, [WL] at *11 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[T]he emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327. "The gateway should

open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. 1924, [WL] at *12 (quoting Schlup, 513 U.S. at 316.) "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." 133 S. Ct. 1924, [WL] at 11.

Petitioner alleges that counsel failed to investigate Petitioner's alibi defense or present alibi witnesses to corroborate Petitioner. According to Petitioner, the alibi witnesses would have testified that Petitioner was in another town at the time of the crime. (Pet. at 6-7.) Petitioner's claims, without further explanation, do not undermine the finding of the jury. While the evidence, if presented at trial, could have assisted Petitioner's case, he has not made a strong showing that he did not commit the crime, or that that no reasonable juror would have convicted him in the light of the new evidence. Furthermore, it appears that Petitioner presented such alibi defense at trial. (See Lodged Doc. 2 at 7-8.) While further witnesses could have been called to testify in support of the alibi defense, the evidence is not sufficient to support a finding of actual innocence. Petitioner's newly presented evidence, if presented to a reasonable juror, would not convince the juror of his innocence. Petitioner's actual innocence claim is without merit and the petition for writ of habeas corpus must be dismissed as untimely.

### III. EXHAUSTION

In his motion to dismiss, Respondent also argues that the petition should be dismissed for failure to exhaust state remedies. As the petition is untimely, the Court need not address such issues.

### IV. CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling. Further, Petitioner is not entitled to an equitable exception to the limitations requirement based on actual innocence. Based

on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## V. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 14, 2014                        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE